Arturo M. Cisneros (#120494), arturo@mclaw.org
MALCOLM ♦ CISNEROS, A Law Corporation
2112 Business Center Drive, Second Floor
Irvine, California 92612
(949) 252-9400 Phone)
(949) 252-1032 (Fax)

Attorneys for Karen Sue Naylor,
Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>CPR SCIENTIFIC LABORATORIES, INC.,<br><br>Debtor. | Case No. 8:21-bk-12167-SC<br><br>Chapter 7<br><br>TRUSTEE'S MOTION TO APPROVE AUCTION SALE OF THE ESTATE'S RIGHT, TITLE AND INTEREST, IF ANY, IN PERSONAL PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. § 363(b)(1); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF KAREN SUE NAYLOR AND JACK POPE IN SUPPORT THEREOF<br><br>No Hearing Required Pursuant to Local Bankruptcy Rule 9013-1(o)<br><br>**Sale Information**<br>Date: July 9, 2022<br>Time: 11:00 a.m.<br>Place: Pope's Auctions & Antiques<br>       55898 Santa Fe Trail<br>       Yucca Valley, CA 92886 |

I.  **INTRODUCTION**

Karen Sue Naylor, the duly appointed, qualified and acting Chapter 7 Trustee ("Trustee"), for the bankruptcy estate of <u>CPR Scientific Laboratories, Inc.</u> ("Debtor"), Case No. 8:21-12167-SC ("Estate"), hereby moves the Court for an Order authorizing her to sell the Estate's right, title and interest, if any, in personal property of the Estate.

1

## II. BACKGROUND INFORMATION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. The Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on September 9, 2021.

3. Karen Sue Naylor is the duly appointed, qualified and acting Chapter 7 Trustee for the Estate.

4. The Trustee is seeking an Order authorizing the auction sale of the Estate's right, title and interest, if any, in a 2016 Isuzu box truck ("Box Truck"). The Debtor scheduled the Box Truck with a value of $20,000, subject to no secured debt, and claimed no exemption in same.

5. The Trustee, with the assistance of Jack Pope ("Pope" or "Auctioneer") of Pope's Auctions and Antiques, completed an analysis of value, and determined that the Box Truck had a liquidation value of approximately $25,000.

## III. THE PROPOSED SALE

6. The Trustee proposes to sell on an all cash and an as-is basis, all of the Estate's right, title and interest in the Box Truck by means of a public auction to be conducted by Auctioneer at the time and location set forth above.

7. The Trustee does not believe the Box Truck are subject to any liens, encumbrances, or exemptions (collectively "liens") but in an abundance of caution proposes to sell same free and clear of all liens, with such liens to attach to the sale proceeds. The Trustee proposes to sell the Box Truck to the highest and best bidder(s), if any, on such terms and conditions as the Trustee may deem just and reasonable under the circumstances.

8. Regardless of any scheduled time and place for offer to purchase the Box Truck, the Trustee may, at her option, reject any and all bids if she deems that such bids are inadequate as to form and amount. The sale date may be continued from time to time until the Box Truck is sold, without further Order of this Court, or until such time it is determined that abandonment is appropriate.

9. Based upon an analysis of the market value of the Box Truck and costs associated with sale of same, the Trustee is of the opinion and belief that the public auction as referenced above is in

///

the best interest of the Estate, as it will generate the most funds to the estate for the benefit of the creditor body.

## IV. CONCLUSION

WHEREFORE, the Trustee requests that the Court enter an order as follows:

    a.    Authorizing the sale of the Box Truck to the highest bidder(s), as the case may be, pursuant to the terms and conditions set forth herein;

    b.    Authorizing the Trustee to execute such documents as are necessary to consummate the sale; and

    c.    For such other and further relief as the Court deems just and proper.

Dated: May 26, 2022

Respectfully Requested,
MALCOLM & CISNEROS, A Law Corporation

By: /s/ Arturo M. Cisneros, Esq.
Attorney for Karen Sue Naylor, Chapter 7 Trustee
For the Estate of CPR Scientific Laboratories, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

COMES NOW, TRUSTEE HEREIN, and respectfully submits the following Memorandum of Points and Authorities in support of his motion to approve sale of the estate's right, title and interest, if any, in personal property of the estate.

## I.

## STATEMENT OF FACTS

The pertinent facts are set forth in the accompanying motion and are evidenced by the Declaration of Karen Sue Naylor provided herein. For reasons of judicial economy they will not be restated here.

## II.

## THE SALE SHOULD BE APPROVED AS BEING IN THE BEST INTEREST OF THE ESTATE

11 U.S.C. § 363(b)(1) authorizes a trustee, after notice and a hearing, to use, sell or lease property of the estate other than in the ordinary course of business.

A trustee has an affirmative duty to collect and reduce to money the property of the estate and to close the estate as expeditiously as is compatible with the best interest of the parties in interest. *In re Camino*, 185 B.R. 584, 591 (9th Cir.BAP 1995); *In re Riverside-Linden Inv. Co.*, 85 B.R. 107, 111 (Bankr.S.D.Cal 1988), aff'd, 99 B.R. 439 (9th Cir.BAP 1989), aff'd, 925 F.2d 320 (9th Cir. 1991).

The prevailing view is that there need not be a showing of an emergency situation for selling substantially all of the assets of the estate, but that "there must be some articulated business justification, other than appeasement of major creditors, for using, selling, or leasing property out of the ordinary course of business before the Bankruptcy judge may order such disposition under Section 363(b)." *In re Lionel Corp.*, 722 F.2d 1063, 1070 (2d Cir. 1983). The instant sale should be approved if there is evidence that it is a sound business decision. *In re Continental Airlines, Inc.*, 780 F.2d 1223 (5th Cir. 1986).

In this case it is in the best interest of all concerned to sell the Estate's right, title and interest in the Box Truck to the highest and best bidder(s) under the terms set forth in the Trustee's Motion. The sale will provide for a cost-efficient and expeditious manner in which to administer the Box Truck.

4

In addition to saving the Estate on accruing further administrative costs from the recurring insurance payments to protect the Estate's interest in the Box Truck.

### III.

### CONCLUSION

As a result of the above analysis, the Trustee's Motion should be approved because it is in the best interest of the Estate, creditors and all parties involved.

Dated: May 26, 2022

Respectfully Requested,
MALCOLM & CISNEROS, A Law Corporation

By: /s/ Arturo M. Cisneros
Arturo M. Cisneros, Esq.
Attorney for Karen Sue Naylor, Chapter 7 Trustee
For the Estate of CPR Scientific Laboratories, Inc.

## DECLARATION OF KAREN SUE NAYLOR

I, A. CISNEROS, declare and state as follows:

1. I am the duly appointed, qualified and acting Chapter 7 Trustee, ("Trustee") for the bankruptcy estate of <u>CPR Scientific Laboratories, Inc.</u> ("Debtor"), Case No. 8:21-bk-12167-SC ("Estate"). I am competent to testify to the following of my own personal knowledge, information and belief. I submit this declaration in support of the Trustee's Motion to Approve Auction Sale of the Estate's Right, Title and Interest, if any, in Personal Property of the Estate Pursuant to 11 U.S.C. § 363(b)(1)("Motion").

2. The Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on September 2, 2021.

3. The Trustee is seeking an Order authorizing the auction sale of the Estate's right, title and interest, if any, in a 2016 Isuzu box truck ("Box Truck"). The Debtor scheduled the Box Truck with a value of $20,000, subject to no secured debt, and claimed no exemption in same.

4. I, with the assistance of Jack Pope ("Pope" or "Auctioneer") of Pope's Auctions and Antiques, completed an analysis of value, and determined that the Box Truck had a liquidation value of approximately $25,000.

5. I am proposing to sell on an all cash basis and an as-is basis, without any warranties, representations or contingencies, all of the Estate's right, title and interest in the Box Truck by way of a public auction to be conducted by my proposed auctioneer, Jack Pope ("Pope" or "Auctioneer") of Pope's Auctions and Antiques. An Application seeking approval of Pope's employment is being filed concurrently herewith.

6. I do not believe the Box Truck is subject to any liens or encumbrances, but in an abundance of caution I am proposing to sell the Box Truck free and clear of all liens, claims and interests of third parties, with said liens to attach to the sale proceeds. I propose to sell the Box Truck to the highest and best bidder(s), if any, on such terms and conditions as are just and reasonable under the circumstances.

7. Regardless of any scheduled time and place for offer to purchase the Box Truck, I may, at my option, reject any and all bids if I deem that such bids are inadequate as to form and amount. The

sale date may be continued from time to time until the Box Truck is sold, without further Order of this Court, or until such time it is determined that abandonment is appropriate.

8. Based upon an analysis of the market value of the Box Truck and costs associated with sale of same, I am of the opinion and belief that the public auction as referenced above is in the best interest of this bankruptcy estate, as it will generate the most funds to the estate for the benefit of the creditor body.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct and that this declaration was executed on this 25th day of May, 2022 at Newport Beach, California.

_____
KAREN SUE NAYLOR

## DECLARATION OF JACK POPE

I, JACK POPE, declare and state as follows:

1.  I am a duly licensed public auctioneer and President of Pope's Auctions & Antiques, Inc. ("Pope's"), with offices located at 55898 Santa Fe Trial, Yucca Valley, California; telephone no. (760) 329-1077; facsimile no. (760) 365-3558. I submit this declaration in support of the Trustee's Motion to Approve Auction Sale of the Estate's Right, Title and Interest, if any, in Personal Property of the Estate Pursuant to 11 U.S.C. § 363(b)(1)("Motion").

2.  I have had extensive experience in the matters to which I am to be engaged and am well qualified to complete the sale of the kind proposed by the Trustee in the foregoing Motion.

3.  I assisted the Trustee in completing an appraisal of the 2016 Isuzu box truck and have determined that the best means to liquidate same is a public auction. In my opinion, the liquidation value is approximately $25,000.

4.  I have advised the Trustee that I am adequately bonded in an amount sufficient to cover all receipts from the proposed sale, and all estates in which I have been employed. My current blanket bond is in the amount of $100,000. The total value of the auction assets in all bankruptcy estates in which I am involved in this district does not exceed my blanket bond, including auctions already conducted in which funds have not yet been disbursed by me to the Trustee and pre-auction estimated values of estate assets in my custody and control. Further, I maintain liability insurance for lost or stolen property which protects any/all property under my control which is secured, transported and stored at my auction location until sale, or sold by me via on site auction sales.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

Executed on this 26 day of May, 2022, at Yucca Valley, California.

*/s/ Jack Pope*
JACK POPE

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

3403 Tenth Street, Suite 714, Riverside, CA 92501

A true and correct copy of the foregoing document entitled (specify): **_Trustee's Motion to Approve Auction Sale of the Estate's Right, Title and Interest, if any, in Personal Property of the Estate pursuant to 11 U.S.C.§ 363(b)(1); Memorandum of Points and Authorities; Declarations of Karen Sue Naylor and Jack Pope in Support Thereof_** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) _5/26/2022_, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Trustee's Counsel:** Christina J Khil    christinao@mclaw.org, CACD_ECF@mclaw.org; mcecfnotices@ecf.courtdrive.com
**Trustee:** Karen S Naylor (TR)    alane@ringstadlaw.com, knaylor@IQ7technology.com;ecf.alert+Naylor@titlexi.com
**Debtor's Counsel:** Michael G Spector    mgspector@aol.com, mgslawoffice@aol.com
**OUST:** United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (date) _5/26/2022_, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Debtor:** CPR Scientific Laboratories, Inc., PO Box 8049, Newport Beach, CA 92658
**Auctioneer:** Jack Pope, Pope's Antiques & Auctions, Inc., P.O. Box 2167, Yucca Valley, CA 92286

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Service on Judge not required pursuant to the Central Guide Supplement to LBR 5005-2(d) and Court Manual Appendix F2.2(c)**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 5/26/2022 | Mayra Johnson | /s/ Mayra Johnson |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE